NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| HAIYING WANG,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　　　Respondent. | No.　15-73901<br><br>Agency No. A094-990-705<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]
San Francisco, California

Before:　SCHROEDER, GOULD, and DIAZ,[***] Circuit Judges.

　　Haiying Wang ("Wang"), a native and citizen of China, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") affirming an

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

　　[***]　　The Honorable Albert Diaz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Immigration Judge's ("IJ") denial of her applications for withholding of removal and protection under the Convention Against Torture ("CAT"), and the IJ's determination that she filed a frivolous asylum application.

The BIA affirmed the IJ's determination that Wang failed to timely file her asylum application—a conclusion Wang does not challenge on appeal. The BIA also found no error in the IJ's finding that Wang didn't present credible testimony and therefore couldn't establish her eligibility for asylum and withholding of removal. Wang's lack of credibility, coupled with evidence consisting solely of general reports about torture in China, led the BIA to conclude that Wang failed to show she was entitled to CAT protection. Finally, the BIA agreed with the IJ that Wang had submitted a frivolous asylum application. It concluded—based on close similarities between Wang's declaration and three others previously filed by different applicants—that Wang's declaration was canned and thus she had knowingly and deliberately fabricated material elements of her application.

We review administrative findings of fact for substantial evidence. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). The agency's determination that an applicant knowingly made a frivolous application for asylum is reviewed de novo for compliance with the procedural framework set forth by the BIA. *See Ahir v. Mukasey*, 527 F.3d 912, 916–17 (9th Cir. 2008) (adopting framework from *In re Y-L-*, 24 I. & N. Dec. 151, 151–52 (BIA 2007)).

Substantial evidence supports the agency's adverse credibility determination here. The IJ found that Wang lacked credibility because there were inconsistencies between her testimony and her asylum declaration as to the timing and occurrence of certain events involved in her narrative of undergoing a forced abortion in China. The IJ also noted Wang's hesitant demeanor when questioned beyond the narrative contained in her declaration. "IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review," and thus, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (internal quotation marks omitted).

Wang contends she should have been granted withholding of removal. "To qualify for withholding of removal, a petitioner must establish a clear probability that his life or freedom would be threatened if he returned to his homeland on account of race, religion, nationality, membership in a particular social group, or political opinion." *Shrestha*, 590 F.3d at 1039 (internal quotation marks omitted); *see also* 8 U.S.C. § 1231(b)(3)(A). Yet without credible testimony, Wang can't establish a "clear probability" that upon return to China she would be subject to persecution based on a protected ground that would entitle her to withholding of removal. *See Shrestha*, 590 F.3d at 1048. Her claim therefore fails.

Wang's CAT claim also fails because it's based on the same testimony the

agency found not credible, and Wang doesn't point to any other evidence in the record that compels the conclusion that she more likely than not would be tortured by or with the consent or acquiescence of the Chinese government. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (where petitioner offers discredited testimony and general reports about torture in the country of removal, those reports alone do not compel the conclusion that the petitioner would be tortured if returned).

We uphold the agency's finding that Wang filed a frivolous asylum application because the agency complied with the procedural requirements of *In re Y-L-*. *See In re Y-L-*, 24 I. & N. Dec. at 155–60 (requiring that: (1) an asylum applicant must have notice of the consequences of filing a frivolous application, (2) the IJ or BIA must make specific findings that the applicant knowingly filed a frivolous application, (3) those findings must be supported by a preponderance of the evidence, and (4) the applicant must be given sufficient opportunity to account for any discrepancies or implausibilities in his application).

Wang concedes that she was given notice of the consequences of filing a frivolous application and that the agency made specific findings that she knowingly submitted one. Contrary to Wang's assertions, a preponderance of the evidence supports the IJ's finding that Wang deliberately fabricated a material element of her application. *See* 8 C.F.R. § 1208.20 ("[A]n asylum application is

4

frivolous if any of its material elements is deliberately fabricated.")  The IJ found that Wang's declaration mirrored three previously submitted declarations from other applicants in chronology, content, language, structure, and circumstance to an extent that indicated her declaration wasn't authentic.  We agree.  Further, Wang was given ample opportunity to address and account for the striking similarities between her declaration and the others, but failed to do so.  *See Ahir*, 527 F.3d at 919.

**PETITION DENIED.**